Abraham Catalino **RESENDIZ CASANOVA; et al.,**
Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 03–72951.
Agency Nos. A75–720–105, A75–720–106, A75–720–107, A72–720–108, A75–720–109.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Abraham Catalino Resendiz Casanova, Compton, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maricruz Quintana Berete, Compton, CA, pro se.

Julio Cesar Resendiz Quintana, Compton, CA, pro se.

Carlos Alberto Resendiz Quintana, Compton, CA, pro se.

Elizabeth Resendiz Quintana, Compton, CA, pro se.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lisa M. Arnold, Attorney, Jennifer L. Lightbody, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

Abraham Catalino Resendiz Casanova, his wife Maricruz Quintana Bareta, and their three children, all natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' decision affirming an immigration judge's order denying their application for cancellation of removal because they lack a qualifying relative. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo constitutional claims arising out of removal proceedings, *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir. 2002), and we deny the petition for review.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Petitioners contend it violates equal protection to require Mexicans to prove exceptional and extremely unusual hardship to a qualifying relative when applicants from other countries are exempt from this requirement under the Nicaraguan and Central American Relief Act ("NACARA"). This contention is foreclosed by this court's decisions in *Jimenez–Angeles,* 291 F.3d at 602–03, and *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) (the decision to favor aliens from specific war-torn countries under NACARA must be upheld because it stems from a rational diplomatic decision to encourage such aliens to remain in the United States).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.